| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff | : | CIVIL ACTION 1:12-cv-01002 |
| | : | |
| v. | : | ANSWER |
| | : | |
| SILVER DINER, INC., | : | |
| Defendant | : | |

_____

NOW COMES the Defendant, Silver Diner, Inc., by and through the undersigned counsel, answering the Plaintiff's Complaint, and saying:

## NATURE OF THE ACTION

As to the statement made in Plaintiff's Complaint entitled "Nature of the Action" the Defendant admits that Plaintiff asserts this claim under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Except as herein admitted, the remaining allegations set forth in Plaintiffs statement of the Nature of the Action are denied.

## JURISDICTION AND VENUE

1. The Defendant admits that there is a jurisdictional basis for instituting this action pursuant to 28 US. Code § 451, 1331, 1337, 1343 and 1345 and that the Plaintiff seeks to assert its claim pursuant to Section 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964, as amended, 42 USC § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 USC § 1981 a.

2. It is admitted that the United States District Court for the Middle District of North Carolina is the proper venue and jurisdiction for the type of claim alleged by the Plaintiff in its Complaint. Except as herein admitted, the remaining allegations set forth in paragraph 2 of the Plaintiff's Complaint are denied.

<u>PARTIES</u>

3. The allegations set forth in paragraph 3 of the Plaintiff's Complaint are admitted.

4. The allegations set forth in paragraph 4 of the Plaintiff's Complaint are admitted.

5. The allegations set forth in paragraph 5 of the Plaintiff's Complaint are admitted.

<u>STATEMENT OF CLAIMS</u>

6. The Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Plaintiff's Complaint and accordingly, they are denied.

7. The allegations set forth in paragraph 7 of the Plaintiff's Complaint are denied.

8. As to the allegations set forth in paragraph 8 of the Plaintiff's Complaint, it is admitted that Laura Jones worked for the Defendant as a waitress.

The remaining allegations set forth in paragraph 8 of the Plaintiff's Complaint are denied.

9. The allegations set forth in paragraph 9 of the Plaintiff's Complaint are denied.

10. The allegations set forth in paragraph 10 of the Plaintiff's Complaint are denied.

Case 1:12-cv-01002-TDS-JLW    Document 6    Filed 12/03/12    Page 2 of 7

11. The allegations set forth in paragraph 11 of the Plaintiff's Complaint are denied.

12. The allegations set forth in paragraph 12 of the Plaintiff's Complaint are denied.

13. As to the allegations set forth in paragraph 13 of the Plaintiff's Complaint, the Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of such allegations and accordingly, those allegations are denied.

14. The allegations set forth in paragraph 14 of the Plaintiff's Complaint are denied.

15. The allegations set forth in paragraph 15 of the Plaintiff's Complaint are denied.

16. The allegations set forth in paragraph 16 of the Plaintiff's Complaint are denied.

17. As to the allegations set forth in paragraph 17 of the Plaintiff's Complaint, it is admitted that any of the co-owners and managers of the Company would have had supervisory authority over Plaintiff in their capacity as co-owner and manager. Except as herein admitted, the remaining allegations set forth in paragraph 17 of the Plaintiff's Complaint are denied.

18. The allegations set forth in paragraph 18 of the Plaintiff's Complaint are denied.

19. The Defendant lacks sufficient knowledge and/or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Plaintiff's Complaint and accordingly, they are denied.

20. As to the allegations in the Plaintiff's Complaint alleging the Plaintiff "received less money in tips due to fewer hours and because Defendant's restaurant was busiest during the day shifts", the Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of those allegations and accordingly,

they are denied. As to the remaining allegations set forth in paragraph 20 of the Plaintiff's Complaint, they are denied.

21. As to the allegations set forth in paragraph 21 of the Plaintiff's Complaint, it is admitted, upon information and belief, that Laura Jones complained to one of the co-owners of the Defendant company about her reduction in hours, which were the result of Ms. Jones' absenteeism and other work-related issues. Except as herein admitted, the remaining allegations as set forth in paragraph 21 of the Plaintiff's Complaint are denied.

22. As to the allegations set forth in paragraph 22 if the Plaintiff's Complaint, it is admitted, upon information and belief, that Ms. Jones approached the senior most owner of the company, who is the father of one of the co-owners, and complained to him about her reduction in hours and alleged sexual harassment. It is admitted that the senior most member owner of the company made inquiry of the alleged sexual harasser about Ms. Jones' complaint and that co-owner denied them as being totally baseless and untrue. It is admitted that the senior most owner of the company told Ms. Jones if anything happened that she felt was unlawful or consisted of sexual harassment that she should immediately call law enforcement and report that to the authorities. It is further admitted that Ms. Jones' hours were not restored because of her absenteeism, tardiness and other failures to abide by company policies and procedures, as well as the addition of other wait staff.

23. It is admitted that on or about February 14, 2011, Ms. Jones drove to the Defendant's restaurant during its operational hours, and created a scene, screaming and yelling at the owners about her work schedule. As a result of creating an unlawful disturbance and commotion, one of the co-owners called law enforcement and Ms. Jones went outside and waited for law enforcement to arrive. Except as admitted herein, the remaining allegations set forth in paragraph 23 of the Plaintiff's Complaint are denied.

24. As to the allegations set forth in paragraph 24 of the Plaintiff's Complaint, it is admitted that Ms. Jones had a conversation with the law enforcement officers outside of the presence of the owners of the company. It is admitted that the law enforcement officer told one of the owners that he had to make a decision as to whether Ms. Jones was terminated at that point or not terminated and based on the law enforcement officer's representation and the conducted exhibited by Ms. Jones the co-owner advised Ms. Jones that she was fired. The basis of her firing had nothing to do with any retaliatory acts or retaliation for Ms. Jones' fabrication and false accusations of sexual harassment. Except as herein admitted, the remaining allegations set forth in paragraph 24 of the Plaintiff's Complaint are denied.

25. The allegations set forth in paragraph 25 of the Plaintiff's Complaint are denied.

26. It is denied that the Defendant committed any unlawful employment practices as complained of by the Plaintiff and accordingly, no such intentional or unintentional acts occurred and the allegations in paragraph 26 are denied.

27. The allegations set forth in paragraph 27 of the Plaintiff's Complaint are denied.

WHEREFORE, the Defendant, having answered the Complaint of the Plaintiff, respectfully requests that this Court:

A. Deny any and all relief requested by the Plaintiff in its Complaint and that the Plaintiff and Complainant Jones have and recover nothing of the Defendant;

B. That the cost of this action be awarded to the Defendant and assessed against the Plaintiff;

C. That the Court grant such other and further relief to the Defendant as the Court deems just and proper and in the interests of justice.

Respectfully submitted this the 3rd day of December, 2012.

s/Kenneth W. McAllister
Kenneth W. McAllister
Attorney for Defendant, Silver Diner, Inc.
State Bar No: 6264
The McAllister Firm, PLLC
PO Box 5006
High Point, North Carolina 27262
(ph) 336-882-4300; (fax) 336-882-4306
kmcallister@mcallisterlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned, Kenneth W. McAllister, attorney for Defendant Silver Diner, Inc. hereby certifies that on December 3, 2012, he electronically filed the foregoing Answer with the Clerk of Court for the United States District Court for the Middle District of North Carolina using the CM/ECS system, to send notification of such filing to the Plaintiff's counsel of record:

> Darryl L. Edwards
> e-mail: Darryl.Edwards@eeoc.gov

and the undersigned further certifies that he has this day served a copy of the foregoing Answer upon the Plaintiff's attorney of record by depositing a copy thereof in a postpaid and properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States Postal Service addressed as follows:

> Darryl L. Edwards
> Trial Attorney
> US Equal Employment Opportunity Commission
> 129 West Trade Street; Suite 400
> Charlotte, NC 28202

This the 3rd day of December, 2012.

> s/ Kenneth W. McAllister
> Kenneth W. McAllister
> Attorney for Defendant Silver Diner Inc.