IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EQUAL EMPLOYMENT            )
OPPORTUNITY COMMISSION,     )
                            )
        Plaintiff,           )
                            )
    v.                      )        1:12-cv-01002
                            )
SILVER DINER, INC.,         )
                            )
        Defendant.          )
_____)

## CONSENT DECREE

This matter is before the court on the Joint Motion for Entry of Consent Decree filed by the parties to this action. (Doc. 13.)

The U.S. Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged Silver Diner, Inc. ("Defendant") subjected Laura Jones (now Laura Thompson) to a sexually hostile work environment because of her sex, female. The Commission further alleged Defendant discharged Thompson in retaliation for complaining about the sexual harassment.

The Commission and Defendant hereby stipulate to jurisdiction of the court over the parties and agree that the subject matter of this action is properly before the court. Defendant categorically denies the allegations brought by the Commission in the Complaint and its entry into this Consent Decree is not an admission of liability, wrongdoing, or fault as to the allegations brought. Likewise, the Commission fully stands by the allegations in its complaint and does not disavow said allegations by entering into this Consent Decree. The parties have entered into this Consent Decree solely to settle disputed claims and avoid the further time and expense of litigation.

The parties have advised this court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this court, made on the pleadings and the record as a whole that: (1) the court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate based on sex, including by subjecting any employees to a hostile work environment based on sex, in violation of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Laura Thompson the sum of twenty-five thousand dollars ($25,000.00) in settlement of the claims raised in this action. Defendant shall make such payment by issuing one check for fifteen thousand dollars ($15,000.00) to Ms. Thompson, representing compensatory damages, which Defendant shall report in an IRS form 1099 Miscellaneous Income Statement. The first check shall be made within fifteen (15) days after the court approves this Consent Decree, and Defendant shall mail the check to Ms. Thompson at an address provided by the Commission. Within sixty (60) days after Defendant's first payment to Ms. Thompson, Defendant shall issue a second, separate, payroll check to Ms. Thompson for ten thousand dollars ($10,000.00) minus standard income withholdings consistent with the last W-4 form completed by Ms. Thompson during her employment. Within

ten (10) days after each check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery.

4. Within ten (10) days of the entry of this Decree by the court, Defendant shall eliminate from the employment records of Laura Thompson any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 846-2011-13673 and the related events that occurred thereafter, including this litigation. Within fifteen (15) days of the entry of this Decree by the court, Defendant shall report compliance with this provision to the Commission. If no such documents are in existence, Defendant shall certify to the Commission that there are no such documents responsive to this provision of the Decree.

5. Defendant shall provide Laura Thompson with a letter of reference attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the court, the original, signed letter of reference shall be provided to Ms. Thompson at an address provided by the Commission. Ms. Thompson is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about her from a potential employer, it will provide only the information set forth in the letter of reference in response. Within fifteen (15) days of

4

the entry of this Decree by the court, Defendant shall report compliance with this provision to the Commission.

6. Defendant has adopted a policy that forbids harassment on the basis of sex and other protected groups under Title VII. The policy is attached hereto as Exhibit B. Defendant shall maintain the policy throughout the term of this Decree. Further, within thirty (30) days of the entry of this Decree by the court, Defendant shall distribute its policy to each employee, manager, and supervisor. Within forty-five (45) days after the Consent Decree is entered, Defendant will notify the Commission of its compliance with this provision. Finally, during the term of this Decree, Defendant shall review its policy with each new employee at the time of hiring.

7. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in its Lexington, North Carolina restaurant. The policy shall be posted in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) days after this Decree is entered, Defendant will post the policy and notify the Commission of compliance with this provision.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers,

supervisors, and employees.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against both sexual harassment and retaliation in the workplace.  Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Decree by the court. Each subsequent training program shall be conducted at approximately one-year intervals.  At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program.  Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C and hereby made a part of this Decree, in its Lexington, NC restaurant.  If the Notice becomes defaced or unreadable, Defendant shall replace it by posting

another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the court of this Decree. Reports shall include the following information:

    A. The identities of all individuals who, during the previous six (6) months, have: (i) complained about comments or conduct based on sex; or (ii) complained about comments or conduct that the individual believes violates Defendant's sexual harassment policy; or (iii) complained about comments or conduct that constitutes harassment based on sex under Title VII of the Civil Rights Act of 1964; or (iv) filed a charge, given testimony, or assistance, or participated in any investigation, proceeding or hearing about comments or conduct based on sex, or alleged harassment based on sex under the foregoing statute. The identification of the individual(s) should include each person's name, address, telephone number, position, and social security number;

    B. For each individual identified in 10.A. above, provide a brief description of the individual's complaint and explain how Defendant responded to the incident, including but not limited to: (1) whether an investigation was conducted; (2) who conducted the investigation; (3) the names of everyone interviewed as part of the investigation; and (4) the outcome of the investigation;

    C. For each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example,

including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

D.  For each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's restaurant, interview employees, and examine and copy documents.

12. If at any time during the term of this Decree, the Commission believes Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for five (5) years from its entry by the court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by

8

electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

                                          /s/   Thomas D. Schroeder
                                       United States District Judge

July 15, 2013

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | SILVER DINER, INC., Defendant |
|---|---|
| **/s/ Lynette A. Barnes**<br>LYNETTE A. BARNES (NC Bar #19732)<br>Regional Attorney<br><br>TINA BURNSIDE (WI Bar #1026965)<br>Supervisory Trial Attorney<br><br>**/s/ Darryl L. Edwards**<br>DARRYL L. EDWARDS (PA Bar ID # 205906)<br>Trial Attorney<br>Email: darryl.edwards@eeoc.gov<br><br>US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone:     (704) 954-6467<br>         (direct dial)<br>Facsimile:     (704) 954-6412<br><br>**ATTORNEYS FOR PLAINTIFF** | **/s/ Kenneth W. McAllister**<br>Kenneth W. McAllister<br>Attorney for Defendant, Silver Diner, Inc.<br>State Bar No: 6264<br>The McAllister Firm, PLLC<br>PO Box 5006<br>High Point, North Carolina 27262<br>(ph) 336-882-4300; (fax) 336-882-4306<br>kmcallister@mcallisterlawfirm.com<br><br>**ATTORNEY FOR DEFENDANT** |

**EXHIBIT A**

[COMPANY LETTERHEAD]

To Whom It May Concern:

    Laura Thompson worked for Silver Diner, Inc. in Lexington, North Carolina as a waitress. She worked for our company over three different periods including from 1994 to 2004, from 2006 to 2008, and most recently, from June 2010 through February 2011. As a waitress she interacted well with customers.

Sincerely,

Pete Katsoudas,
Owner, Silver Diner, Inc.

11

**SEXUAL AND OTHER UNLAWFUL HARASSMENT**

All employees are to be treated with respect and dignity. Employees are expected to maintain a positive work atmosphere by acting and communicating in a manner to get along with customers, guests, co- workers and management. Employees have a right to work in an environment free from discrimination and harassing conduct, including sexual harassment. **HARASSMENT ON THE BASIS OF AN EMPLOYEE'S RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, SEXUAL ORIENTATION, MARITAL STATUS, DISABILITY OR ANY OTHER BASIS PROTECTED BY STATE OR FEDERAL LAW IS PROHIBITED. OUR COMPANY VIEWS HARASSMENT AND RETALIATION TO BE AMONG THE MOST SERIOUS BREACHES OF WORK PLACE BEHAVIOR. EMPLOYEES WHOSE CONDUCT VIOLATES THIS POLICY WILL BE DISCIPLINED UP TO AND INCLUDING TERMINATION.**

In general, harassment means persistent and unwelcome conduct or actions on any of the bases set forth above. Sexual harassment is one type of harassment and includes unwelcome sexual advances, unwelcome physical contact of a sexual nature, or unwelcome verbal or physical conduct of a sexual nature.

Harassment on any basis (race, sex, age, disability, etc.) exists whenever:

1. Submission to such conduct is an explicit or implicit term or condition of employment; or

2. An individual's submission to or rejection of such conduct becomes the basis for employment decisions affecting that individual; or

3. Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment; or

4. The conduct is viewed in the perception of the employee who believes he or she is being harassed as opposed to the intent of the one engaging in hostile or questionable conduct.

Employee conduct that results in the harassment of other employees will not be tolerated. Further, the company does not condone such conduct by customers, vendors or any other businessperson conducting business with our Company. All complaints of harassment will be investigated promptly and, where necessary, immediate appropriate action will be taken to stop and remedy any such conduct. Any supervisor, agent or

employee found in violation of this policy will be subjected to disciplinary action, including termination. If we find that a customer, vendor or any other person conducting business with our Company is harassing an employee, we will take immediate steps to see that it stops.

Any employee who has witnessed or been subjected to any harassment of this nature should immediately report the incident to his or her supervisor, or to any member of management. Waitresses and wait staff shall report initially any incident to the Head Waitress, currently Tona Salmon, and should provide to her a brief written account. All other employees should report initially any incidents to John Balourdos or John Papanikolaou, co-managers, and provide a written account. We will promptly investigate complaints and take whatever corrective action is deemed necessary. Employees who make reports of harassment or register complaints may request that their reports or complaints be made in confidence. Circumstances may arise through an investigation in which a limited number of other persons may have to be informed. Any employee coming forward with a complaint will not be retaliated against or punished in any way, even if the complaint is not sustained or well-founded.

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 1:12-cv-01002 |
| | ) | |
| v. | ) | **EMPLOYEE NOTICE** |
| | ) | |
| **SILVER DINER, INC.** | ) ) | |
| Defendant. | ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Defendant, Silver Diner, Inc. The EEOC alleged that Defendant discriminated against Laura Jones (now Laura Thompson), a former employee, by subjecting her to a sexually hostile work environment. Further, the EEOC alleged that Defendant fired Ms. Thompson in retaliation for her complaints about the sexually hostile work environment. The Silver Diner, Inc. denied all allegations. Nevertheless, the parties entered into a Consent Decree.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Silver Diner, Inc. will comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

>     Equal Employment Opportunity Commission
>                131 M. Street, NE
>              Washington, DC 20507
>               TEL: 1-800-669-4000
>               TTY: 1-800-669-6820

This Notice will remain posted for at least five (5) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2018.